IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

IRONHEAD MARINE, INC.,

                Plaintiff,                Case No. 3:10 CV 82

  -vs-

                                            MEMORANDUM OPINION
DONALD C. HANNAH CORPORATION, et al,      AND ORDER

                Defendant.

KATZ, J.

Plaintiff Ironhead Marine has moved (Doc. No. 127) to clarify this Court's July 31, 2014 opinion (Doc. No. 125) and to consolidate this case with *Vinik Marine, Inc. v. Ironhead Marine, Inc.*, No. 12-2204. (Doc. No. 128). Defendants OSK Marketing and Communication, Inc., Oliver Schrott Kommunikation GmbH, and OSK Projektmanagement GmbH (collectively known as OSK) have filed a cross-motion to clarify the July 31, 2014 decision. (Doc. No. 129). Ironhead has filed replies in support of its motion to clarify (Doc. No. 131), and its motion to consolidate. (Doc. No. 133).

The motion concerns this Court's grant of summary judgment to OSK regarding Invoice IJ08-055-03. The Court stated:

> In invoice IJ08–055–03, Ironhead billed OSK for work on providing a fender system for the barge. (Doc. No. 117–4, p. 30). However, the evidence establishes that Hannah, and not OSK, is the responsible party for this work.
> In the previously discussed "Repair Specification" document (Doc. No. 117–4, pp. 662–72), which sets forth the repairs and services which were to be performed on the barge, Hannah specifically directs that the barge is to be equipped with new fenders. (Doc. No. 117–4, p. 672).
> Mr. La Mantia further testified that he knew of no signed purchase order where OSK agreed to pay for the fenders. He further stated that he was not aware of any specific oral conversation or communication where a representative of OSK agreed to pay for the fenders. (Doc. No. 117–4, p. 202).
> Mr. Terrence Evans, former Vice President of Maintenance and Engineering for Hannah, attested that he was responsible for overseeing the outfitting of the

> Exiderdome. (Doc. No. 121–3, pp. 41–42). In his affidavit, Mr. Evans admitted that Hannah is responsible for paying Ironhead for any work it requested to be performed pursuant to Hannah's obligations to OSK. (Doc. No. 121–3, p. 44). Emails between Ironhead and Mr. Evans, on behalf of Hannah, establish that Mr. Evans ordered the fender system for the barge, (Doc. No. 117–4, p. 712), which is consistent with the requirements of the "Repair Specification." (Doc. No. 117–4, pp. 667, 672). Because this evidence establishes that Hannah ordered the fenders, OSK is not liable for this expenditure. Summary judgment is granted to OSK as to this issue.

(Doc. No. 125, p. 9–10).

In its motion for clarification, Ironhead states that the invoice concerned a substantial amount of work which was billed to OSK which did not relate to the installation of the fenders. (Doc. No. 127, p. 3). Of the total amount of $246,992.70 listed on the invoice, only $26,026.97 was actually related to the fenders. (Doc. No. 127, p. 3). Ironhead states that OSK did not specifically address the remaining $220,965.73 of that invoice in its motion for summary judgment.

After carefully examining invoice IJ08-055-03, the Court was under the impression that the total amount of the invoice related to the purchase and installation of the fenders on the Exiderdome. The Court believed the numerous codes on the invoice related to the fenders. Apparently, the Court's understanding was incorrect. Therefore, to clarify the July 31, 2014 order relating to the IJ08-055-03 invoice, summary judgment is granted to OSK for all expenses relating to the purchase, work, and installation of the fenders listed in invoice IJ08-055-03 and any other invoice. As the Court discussed in its prior order, the "Repair Specification" and documents from Hannah establish that Hannah ordered the fenders and OSK is not responsible for any expenses incurred relating to the fenders.

In its cross-motion to clarify the July 31, 2014 order, OSK correctly noted that the Court did not address Ironhead's allegations against OSK regarding the charges for lay-days,

environment surcharges, and insurance surcharges. (Doc. No. 29, pp. 15–16; Doc. No. 130, p. 4). OSK states that the reason it did not include these items in its brief discussing Ironhead's claims was "due to space constraints." (Doc. No. 130, p. 4). The Court finds this excuse highly suspect given that OSK's counsel could have easily filed a motion to increase the page limitation for this document. *See* N.D. Ohio R. 7.1(b).

In its cross-motion for clarification, OSK proceeds to analyze these three items and tries to convince the Court why these three charges should also be dismissed. OSK's attempt to obtain a ruling on these three charges in its motion for clarification is inappropriate. If OSK wishes to seek a dismissal of these charges, it must do so in compliance with the Federal Rules of Civil Procedure and file an appropriate motion for summary judgment under Rule 56(a). Therefore, the Court shall grant OSK until October 29, 2014, to file a motion for summary judgment regarding Ironhead's charges for lay-days, environment surcharges, and insurance surcharges. Ironhead shall have until November 19, 2014, to file a response and OSK shall have until December 3, 2014, to file a reply.

The Court has grave concerns regarding the amount of money which Ironhead believes it is still owed by OSK. Ironhead alleged that OSK still owes it for lay-days, environment surcharges, and insurance surcharges. It is the Court's understanding in reviewing the record that these charges are listed on invoice IM320802–2 (Doc. No. 117-4, p. 714), and consist of the following amounts:

| | |
|---|---|
| 22 Laydays | $44,000.00 |
| Environmental Surcharges | $13,831.55 |
| Insurance Surcharges | $6,915.78 |

3

However, the total of these charges does not correspond with the $173,369.17 amount alleged in the amended complaint, even after the storage charge of $57,927.94, which the Court has previously found to be inappropriate, is deducted from this amount. (Doc. No. 29, p. 16). This leaves $50,693.90 which still must be accounted for in one or more invoices.

Given the number of invoices which have now been completely or partially dismissed, it is difficult for the Court to determine whether these are the only three items left regarding OSK because Ironhead's allegations are in total amounts. The lay-days, environment surcharges, and insurance surcharges are specifically identified in the amended complaint and OSK did not seek summary judgment on these items. Therefore, these charges are definitely pending. The Court also recognizes that Ironhead's requests for attorneys' fees and expenses involving the arrest and sale of the barge are also pending.

In order to clarify the amount of money still at issue in this case, the Court directs the parties to jointly file with the Court, on or before October 15, 2014, an itemized accounting of those charges, with citation to the applicable paragraphs in the amended complaint, applicable invoices, and applicable amounts, which Ironhead believes have yet to be paid by OSK. The purpose of the joint filing is to make clear that the parties and Court recognize what charges are still in dispute and can be addressed in any future proceedings.

Ironhead's motion to consolidate this case with *Vinik Marine, Inc. v. Ironhead Marine, Inc.*, No. 12-2204 is held in abeyance at this time.

Conclusion

Accordingly, on or before October 15, 2014, the parties shall jointly file an itemized accounting of those charges, with citation to the applicable paragraphs of the amended complaint, applicable invoices, and applicable amounts which Ironhead believes it is still owed by OSK.

OSK shall have until October 29, 2014, to file a motion for summary judgment related to Ironhead's charges for lay-days, environment surcharges, and insurance surcharges. Ironhead shall have until November 19, 2014, to file a response and OSK shall have until December 3, 2014, to file a reply.

The motion to consolidate is held in abeyance at this time.

IT IS SO ORDERED.

   S/ *David A. Katz*
   DAVID A. KATZ
   U. S. DISTRICT JUDGE