IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

IRONHEAD MARINE, INC.,

                  Plaintiff,                Case No. 3:10 CV 82

    -vs-

                                            <u>MEMORANDUM   OPINION</u>

DONALD C. HANNAH CORPORATION,
et al.,

                  Defendant.

KATZ, J.

      Defendants OSK Marketing and Communication, Inc., Oliver Schrott Kommunikation GmbH, and OSK Projektmanagement GmbH (collectively known as OSK) have moved for summary judgment regarding Ironhead Marine, Inc.'s charges for laydays, environmental surcharges, insurance surcharges, and dock charges listed on Invoice No. IM320802-02.  (Doc. No. 136).  Ironhead has filed a response (Doc. No. 137), and OSK has filed a reply.  (Doc. No. 138).

      OSK filed the summary judgment motion in accordance with this Court's instructions, contained in its order of September 30, 2014.  Specifically, the Court stated:

> In its cross-motion to clarify the July 31, 2014 order, OSK correctly noted that the Court did not address Ironhead's allegations against OSK regarding the charges for lay-days, environment surcharges, and insurance surcharges.  (Doc. No. 29, pp. 15–16; Doc. No. 130, p. 4).  OSK states that the reason it did not include these items in its brief discussing Ironhead's claims was "due to space constraints." (Doc. No. 130, p. 4).  The Court finds this excuse highly suspect given that OSK's counsel could have easily filed a motion to increase the page limitation for this document.  *See* N.D. Ohio R. 7.1(b).
> In its cross-motion for clarification, OSK proceeds to analyze these three items and tries to convince the Court why these three charges should also be dismissed.  OSK's attempt to obtain a ruling on these three charges in its motion for clarification is inappropriate.  If OSK wishes to seek a dismissal of these charges, it must do so in compliance with the Federal Rules of Civil Procedure and file an appropriate motion for summary judgment under Rule 56(a).  Therefore, the Court shall grant OSK until October 29, 2014, to file a motion for summary judgment regarding Ironhead's charges for lay-days, environment surcharges, and insurance

> surcharges. Ironhead shall have until November 19, 2014, to file a response and OSK shall have until December 3, 2014, to file a reply.

(Doc. No. 134, pp. 3–4).

In its current motion, OSK now seeks summary judgment for dock charges in addition to the laydays, environmental surcharges, and insurance surcharges it had previously sought to dismiss. Ironhead opposes the inclusion of the dock charges because OSK had not raised these charges in its motion to clarify, nor were these charges specifically identified in the Court's September 30, 2014 order. The Court granted OSK the ability to move for summary judgment regarding Ironhead's charges for laydays, environmental surcharges, and insurance surcharges. The dock charges were never requested by OSK. Therefore, the Court would not have listed these charges in its prior order.

OSK attempted to obtain summary judgment on several charges without complying with the Federal Rules of Civil Procedure. The Court granted OSK leave to file a motion for summary judgment. The Court's decision does not contain any language restricting the issues which could be raised. The decision simply mimicked the issues improperly raised in the motion for clarification. Therefore, Ironhead's objection to the inclusion of the dock charges in OSK's motion for summary judgment is overrruled.

The Court further notes that unlike the restriction of Federal Rule of Civil Procedure 12(g)(2) which prevents multiple motions under that rule, motions for summary judgment under Federal Rule of Civil Procedure 56(a) do not contain this restriction. Therefore, the Federal Rules of Civil Procedure do not prevent OSK from raising multiple motions for summary judgment.

The facts of this case have been extensively discussed by the Court in its previous decisions and are well known to the parties. (Doc. Nos. 69, 88, 125). Therefore, the Court will not summarize the facts of this case.

OSK has requested that the Court dismiss all the remaining charges listed on Invoice No. IM320802-02. The invoice contains the following charges:

| | |
|---|---|
| 22 Laydays | 44,000.00 |
| Undock Day Charge | 3,500.00 |
| Dockmaster Charge for 22 days | 3,300.00 |
| Safety Manager Charge for 22 days | 2,750.00 |
| Environmental Surcharge | 13,831.55 |
| Insurance Surcharge | 6,915.78 |
| Equipment Storage Charge for 17 months | 57,927.94 |

(Doc. No. 136-3, p. 2).

The Court previously granted summary judgment to OSK regarding the "Equipment Storage Charge" of $57,927.94. (Doc. No. 125, pp. 10–11). OSK requests the Court to "dismiss the remainder of IM320802-02" because the Court's reasoning for dismissing the equipment charge should apply to the laydays, environmental surcharges, insurance surcharges, and docking charges. The Court notes that OSK includes the dockmaster charge and the safety manager charge under the umbrella of dock charges. (Doc. No. 136–4, p. 6).

OSK asserts that since the Court dismissed the equipment storage charge because there was no evidence of a contract, the remaining charges on that invoice should also be dismissed for the same reason. This assertion is flawed because the fact that one charge was not the subject of a contract does not automatically mean the remaining individual charges should also be dismissed for the same reason. Each charge must be examined to determine whether that charge is evidenced by a contract between Ironhead and OSK, or another party.

3

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting a genuine issue of material fact must support the argument either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court views the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court does not weigh the evidence or determines the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact or "by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986) (internal quotation marks omitted). If the moving party satisfies this burden, the nonmoving party "may not rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Rule 56 and *Matsushita,* 475 U.S. at 586). The party opposing the summary judgment motion must present sufficient probative evidence supporting its claim that disputes over material facts remain; evidence that is "merely colorable" or "not significantly probative" is insufficient. *Anderson,* 477 U.S. at 248–52.

OSK asserts that because it was not sent Invoice No. IM320802-02 until almost a year and a half after the barge left Toledo, a year after the arrest of the barge, and a month after the sale of

4

the barge, the delay "belies any claim that the invoices were evidence of oral agreements." (Doc. No. 136–4, p. 8). The Court disagrees. As the Court previously explained (Doc. No. 125, p. 7), under Ohio law,

> [t]he elements of a contract, whether oral or written, are well known:
>
>> A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.

*Donofrio v. Whitman*, 947 N.E.2d 715, 721 (Ohio Ct. App. 2010) (citations and internal quotation marks omitted). The "[t]erms of an oral contract may be determined from 'words, deeds, acts, and silence of the parties.'" *Id*. at 722 (citations omitted). The timeliness of the invoice does not prove or disprove whether a contract regarding the charges in question existed. Rather, the question is whether the parties agreed on the essential elements which are required by Ohio law in order to create a contract.

OSK argues that as for the environmental and insurance surcharges, the evidence establishes that no contract existed between the parties. The Court agrees. The Court has carefully read Mr. Anthony LaMantia's deposition regarding these charges. As the Court has previously noted, Mr. LaMantia owns Ironhead with his wife. (Doc. No. 125, p. 8). Mr. LaMantia testified regarding these charges as follows:

> Q. Okay. Then there's also a listing for environmental surcharge and insurance surcharge. What are those?
> A. Those are customary charges that usually apply to the overall cost of the dry docking and are usually like a one and a half or a three percent charge based on the services provided, the total cost of the services.
> Q. Was there an agreement between Ironhead and OSK marketing for OSK Marketing to pay environmental or insurance surcharges?
> A. Specifically, no.

5

(Doc. No. 136–3, p. 18).

Mr. LaMantia's testimony establishes that no agreement regarding the environmental and insurance surcharges existed between OSK and Ironhead. Given this admission, the Court finds that the elements of a contract which are required by Ohio law have not been established and that OSK is entitled to summary judgment on these charges. Accordingly, the Court grant's OSK's motion for summary judgment on the environmental surcharge of $13,831.55 and the insurance surcharge of $6,915.78 listed on Invoice No. IM320802-2. (Doc. No. 136–3, p. 2).

Regarding OSK's motion for summary judgment regarding the remaining charges listed on Invoice No. IM320802-2, the Court finds that there are genuine issues of material fact which prevent the grant of summary judgment to OSK. *Celotex Corp.,* 477 U.S. at 323–25. After thoroughly reading Mr. LaMantia's deposition, the Court is convinced that questions of fact exist as to whether OSK had agreed to pay these charges. Mr. LaMantia's testimony provides evidence that OSK was aware of its obligation to pay these charges and sets forth specific facts showing that there is a genuine issue for trial. *See Moldowan,* 578 F.3d at 374. Therefore, the Court denies OSK's motion for summary judgment on the laydays, undock day, dockmaster, and safety manager charges listed on Invoice No. IM320802-02, and totaling $53,550.

Also pending before the Court is Ironhead's motion to consolidate this case with *Vinik Marine, Inc. v. Ironhead Marine, Inc.*, No. 3:12-cv-02204. (Doc. No. 128). OSK has filed a response (Doc. No. 132), and Ironhead has filed a reply. (Doc. No. 133). Federal Rule of Civil Procedure 42 provides:

> **(a) Consolidation**. If actions before the court involve a common question of law or fact, the court may:
>
> **(1)** join for hearing or trial any or all matters at issue in the actions;

>    **(2)** consolidate the actions; or
>
>    **(3)** issue any other orders to avoid unnecessary cost or delay.
>
> **(b) Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The Court has carefully considered the motion and grants the motion to consolidate. The Court would also like to express its appreciation to counsel for their fine job regarding their joint document accounting for the existing damages still before this Court. (Doc. No. 135). The document has provided the Court with tremendous assistance in identifying which charges still remain unresolved and ready for trial.

## Conclusion

Accordingly, the Court grants summary judgment on the environmental surcharge of $13,831.55, and the insurance surcharge of $6,915.78 listed on Invoice No. IM320802-2. The Court denies OSK's motion for summary judgment on the laydays, undock day, dockmaster, and safety manager charges listed on Invoice No. IM320802-02, totaling $53,550. (Doc. No. 136) Ironhead's motion to consolidate this case with *Vinik Marine, Inc. v. Ironhead Marine, Inc.*, No. 3:12-cv-02204 is granted. (Doc. No. 128).

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE